GEORGE H. CHANDLER vs. MATHESON COMPANY OF BOSTON.

Plymouth.   March 7, 1911. — May 17, 1911.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence*, In use of highway.

In cases of collision between travellers upon the highway where the law requires that each traveller shall use the way with due regard for the rights of every other, the question of the care or negligence of either traveller, depending for solution as it does upon a variety of circumstances about any one of which the evidence may be conflicting, generally is for the jury.

At the trial of an action for personal injuries and damages to the plaintiff's horse and wagon, caused by a collision with an automobile driven by an employee of the defendant, it appeared that the accident happened on a country road between ten and eleven o'clock at night, and that the plaintiff's team carried no lights; and there was evidence tending to show that the plaintiff saw the lights carried by the defendant's automobile a long way off on a straight part of the road and turned to one side of the road and more than half way out of the travelled part of the way and was standing still and waiting for the automobile to pass, when the collision occurred, and that there was not room for two vehicles to pass in the commonly travelled part of the way. *Held*, that the questions, whether the plaintiff was exercising due care and whether the defendant's employee was negligent, were for the jury.

TORT for personal injuries and damage to the plaintiff's horse and wagon resulting from a collision with an automobile of the defendant.   Writ dated March 12, 1908.

In the Superior Court the case was tried before *Raymond*, J. After a verdict for the plaintiff, the presiding judge disallowed a bill of exceptions presented by the defendant, and the defendant filed in this court a petition for the establishment of its exceptions.   The petition was referred to Robert Homans, Esquire, as commissioner, to settle the truth of exceptions.   From his report it appeared that there was evidence tending to show that at the time of the collision the defendant's automobile was being driven by a chauffeur in its general employ for the purpose of "demonstrating" it to one Batchelder, who was riding therein and was a possible purchaser of it.   The plaintiff was driving in a wagon drawn by one horse upon the public way from Marshfield Hills to Marshfield between the hours of ten and eleven o'clock at night.

The plaintiff testified that in the road beyond the place where

the accident happened " there is a turn " and " pine trees each side of the road," that he was familiar with the road and had driven over it frequently for many years previous to the accident; that his conveyance carried no lights or other means to warn approaching vehicles of its presence; that as he rounded the turn in the road a little distance from the place of the accident, he saw a long way off the lights of the approaching automobile; that for five hundred feet straight ahead from the point of the accident the road was level, or nearly so, and straight; and that he could observe the approach of the automobile all of that distance; that he saw that the search lights of the automobile were not lighted; that he had operated an automobile himself; that he saw that the automobile carried all the lights required by law; that he knew that the occupants of the automobile could see only a short distance ahead in the darkness. " I saw this automobile coming and I turned out of the roadway, I turned way out into the ditch so that I stayed there on the nigh side of my wagon and I drove my horse out of the road into the grass so that she was walking out of the travelled part of the road in the grass, and this automobile came up "; that at the time of the collision his team had been standing still at the side of the road for a minute or so, waiting for the automobile to pass. " The first thing I knew we came together. When he got close to me, of course I could not see how close he was to me, his lamps shone in my eyes; I could not see he was going to hit me. The first intimation I had of any collision was when we came together "; that the travelled part of the road was about ten feet wide with a crown of twelve inches; that there was a worn or travelled part commonly used by vehicles going in either direction in a single pathway, which was about in the centre of the wrought surface of the road; that there was not room on the commonly travelled part of the roadway for two vehicles to pass and that at the point where the accident happened the automobile was travelling as they ordinarily did travel " in this travelled space in the road " where most teams travelled.

The defendant's treasurer, the chauffeur of the automobile and also Batchelder, were all called to testify by the plaintiff.

At the close of the plaintiff's evidence the defendant rested and asked the presiding judge to rule as follows:

"1. On all the evidence the plaintiff cannot recover.

"2. On all the evidence the driver of the automobile was a servant loaned by his employer, the defendant company, to Batchelder, and at the time of the accident was rightfully under Batchelder's control, and for his negligence, if any, at the time of the accident, the defendant is not liable."

The judge refused so to rule. The jury found for the plaintiff in the sum of $6,877; and the defendant alleged exceptions.

In this court the defendant waived its exception to the refusal to give the second ruling requested.

*H. C. Sawyer & W. V. Taylor*, for the defendant, submitted a brief.

*C. A. Warren*, for the plaintiff.

HAMMOND, J. While the plaintiff was driving upon the highway a collision occurred between his carriage and an automobile driven by a servant of the defendant. In cases of collision between travellers upon the highway where the law requires that each traveller shall use the way with due regard for the rights of every other, the question of the care or negligence of either traveller, depending for solution as it does upon a variety of circumstances about any one of which the evidence may be conflicting, is generally for the jury. After a careful reading of the evidence we are of opinion that the questions of due care of the plaintiff and negligence of the defendant's servant were for the jury.

*Exceptions overruled.*